United States District Court
Middle District of Florida
Jacksonville Division

**KUMESIA MOORE,**

    *Plaintiff,*

v.   NO. 3:23-cv-1510-MMH-PDB

**UNITED STATES OF AMERICA ETC.,**

    *Defendants.*

---

## Report and Recommendation

    The plaintiff, proceeding without a lawyer and without prepaying costs or fees, sues nine defendants: the United States of America, the Jacksonville Sheriff's Office, the Florida Department of Children and Families, "Jacksonville City Hall," Walmart, the Jacksonville Transportation Authority, the Jacksonville Housing Authority, "Emergency Services and Homeless," and Charlotte McClendon. Doc. 1. The plaintiff does not allege facts; instead, she "cuts and pastes" jury instructions and references mental abuse caused by spyware. *See generally* Docs. 1, 1-1.

    On February 6, 2024, the undersigned ordered the plaintiff to file an amended complaint by March 5, 2024, observing that she "fails to make clear who she is suing, why she is suing each defendant, which claim she is bringing against which defendant, which factual allegations support which claim, and which demand for relief is made against which defendant." Doc. 3 at 2. The

undersigned warned the plaintiff that her "failure to timely file an amended complaint satisfying these requirements may result in dismissal and an inability to bring her claim or claims in federal court." Doc. 3 at 3. The undersigned directed the plaintiff to resources for unrepresented litigants. Doc. 3 at 3–4. The plaintiff failed to file an amended complaint.

On March 13, 2024, the undersigned entered a report and recommendation recommending dismissal without prejudice for failure to comply with the February 6 order. Doc. 4. After entry of the March 13 report and recommendation, the clerk's office entered notes explaining the February 6 order and the March 13 report and recommendation were returned with notations "RETURN TO SENDER" and "UNABLE TO FORWARD." Docs. 5, 6.

The undersigned determined the clerk had inadvertently recorded the wrong street number of the plaintiff's address on the docket, appearing to misread the plaintiff's handwriting. *See* Doc. 7. On April 1, 2024, the undersigned directed the clerk to modify the plaintiff's address on the docket and mail her at the corrected address the February 6 order. Doc. 7. The undersigned withdrew the March 13 report and recommendation and extended the deadline to file an amended complaint to May 3, 2024. Doc. 7. The plaintiff failed to file an amended complaint.

A court may dismiss a case for failure to comply with an order. *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir.1999). Dismissal with prejudice is appropriate "only in extreme circumstances"; there must be a clear record of delay or willful conduct that lesser sanctions would be insufficient to correct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoted authority omitted).

Because the plaintiff has failed to comply with the order requiring her to file an amended complaint, Doc. 3, but has not demonstrated a clear record of delay or other willful conduct, the undersigned recommends **dismissing** the action without prejudice and directing the clerk to close the file.

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida on May 13, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:    Kumesia Moore
      1245 W. 30th St., Apt. 1
      Jacksonville, FL 32209